Joseph RICCIO, Petitioner,

v.

Terence GRAY, Respondent.

93 Civ. 9420 (CBM).

United States District Court, S.D. New York.

Oct. 28, 1993.

**6**

### MEMORANDUM OPINION

MOTLEY, District Judge.

Petitioner, Joseph Riccio, has alleged that this court has subject matter jurisdiction pursuant to § 10 of the Federal Arbitration Act, 9 U.S.C. § 10. However, "section 10 of the Arbitration Act does not confer subject matter jurisdiction on the district court." *Harry Hoffman Printing, Inc. v. Graphic Communications, Intern. Union, Local 261*, 912 F.2d 608, 611 (2d Cir.1990); *see also Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 861 n. 9, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983); *Drexel Burnham Lambert, Inc. v. Valenzuela Bock*, 696 F.Supp. 957, 959–61 (S.D.N.Y.1988) (*Southland, Moses*, and *Drexel*, all cases which construe §§ 3 and 4 as not granting jurisdiction, apply to § 10). "There must be an independent basis of jurisdiction before a district court may entertain petitions under the Act." *Harry Hoffman*, 912 F.2d at 611.

A federal court is granted subject matter jurisdiction when the cause of action involves a federal question or when diversity jurisdiction exists. Jurisdiction lies in federal courts for actions "arising under" federal law. 28 U.S.C. § 1331. "[T]o determine whether the court has federal question jurisdiction to decide the case, the complaint must contain either a federal cause of action or state a cause of action embodying a substantial federal question." *City of New York v. Rapgal Associates*, 703 F.Supp. 284, 287 (S.D.N.Y.1989) (citing *West 14th Street Commercial Corp. v. 5 West 14th Street Owners Corp.*, 815 F.2d 188, 192–193 (2d Cir.1987) *cert. denied*, 484 U.S. 850, 108 S.Ct. 151, 98 L.Ed.2d 107 (1987), and *cert. denied*, 484 U.S. 871, 108 S.Ct. 200, 98 L.Ed.2d 151 (1987)).

Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $50,000 and is between citizens of different states. 28 U.S.C. § 1332.

The cause of action underlying the arbitration award here is neither a federal cause of action nor a cause of action embodying a substantial federal question. Being that the amount in controversy is less than $9,000 and no other independent basis for subject matter jurisdiction exists, this case will be dismissed.