**Charles LIPTON, Bert Forman, and Judith Mark, Petitioners,**

v.

**Smith Barney SHEARSON and Charles Goubeaud, Respondents.**

**No. 95 Civ. 10955 (DAB).**

United States District Court, S.D. New York.

Aug. 30, 1996.

Steven Kramer & Assoc., New York City (Steven M. Kramer, of counsel), for Petitioners.

Office of the General Counsel Smith Barney Incorporated, New York City (William A. Hohauser, of counsel), for Respondents.

### *MEMORANDUM ORDER*

BATTS, District Judge.

Petitioners Charles Lipton, Bert Forman, and Judith Mark move pursuant to 9 U.S.C. § 10 to vacate an arbitration award, alleging that the award, issued by NASD arbitrators in favor of Respondents, violates public policy, is arbitrary and capricious, and expresses the arbitrators' manifest disregard for the law. Respondents oppose the motion, and cross-move to dismiss the petition.

The law is clear that section 10 of the Arbitration Act does not confer subject matter jurisdiction in this court. *United States v. Am. Society of Composers, Authors and Publishers,* 32 F.3d 727, 731 (2d Cir.1994); *Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261,* 912 F.2d 608, 611 (2d Cir.1990). Petitioners do not claim to be of diverse citizenship from the Respondents, nor do they allege a jurisdictional basis other than section 10 of the Arbitration Act and New York Civil Practice Law and Rules 7511(b) in their initial moving papers. *See* Brief in Support of Motion to Vacate Arbitration Award at 2.

Petitioners' reply, however, claims that [t]he arbitration claim was brought, *inter alia,* under the federal securities laws and the federal RICO statute. There is ac-cordingly no question that this Court has jurisdiction over this matter, including, under the doctrine of pendent jurisdiction, the common law claims.

Reply Brief of Plaintiff in Support of Motion to Vacate Arbitration Award at 2.

Even if true that the underlying arbitration claim included federal securities and RICO claims, this Court does not have subject matter jurisdiction over Petitioners' motion to vacate unless *the motion to vacate* presents a federal question. *See Am. Society of Composers,* 32 F.3d at 731. Petitioners' motion does not present such a question. Instead, the motion argues that (1) the arbitrators manifestly disregarded New York negligence law, (2) the award is contrary to New York public policy, and (3) the award is arbitrary and capricious. None of these arguments presents a federal question. Accordingly, the Court lacks subject matter jurisdiction over the Petition, and the action will be dismissed on that basis.

\*   \*   \*

The Clerk is hereby ordered to dismiss the Petition for lack of subject matter jurisdiction.

SO ORDERED.