United States Court of Appeals,

Eleventh Circuit.

No. 96-5123.

Aubie BALTIN;  Gwilda Baltin, Plaintiffs-Appellants.

v.

ALARON TRADING CORPORATION, Defendant-Appellee.

Nov. 25, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 96-8195-CV-KLR), Kenneth L. Ryskamp, Judge.

Before CARNES, Circuit Judge, and KRAVITCH and REAVLEY[*], Senior Circuit Judges.

KRAVITCH, Senior Circuit Judge:

Plaintiffs-appellants Aubie and Gwilda Baltin ("the Baltins") sought to vacate, modify, or correct an arbitration award by filing suit in the United States District Court for the Southern District of Florida.  Defendant-appellee Alaron Trading Corporation ("ATC") moved to dismiss on the ground that the parties had agreed to appeal any arbitration decision to courts in Illinois.  In granting ATC's motion to dismiss, the district court held that it had "permissive jurisdiction" to entertain the case but that, according to a valid provision of the contract between the parties, the Baltins should have brought suit in Illinois.  We hold that the district court had *no* subject matter jurisdiction over this case, and thus we affirm the district court's dismissal of the case on other grounds.

I.

In 1992, the Baltins entered into a written brokerage contract with Linnco Futures Group, Inc., the predecessor of ATC. The contract contained both an arbitration clause and a forum

---

[*]The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

selection clause. The arbitration clause provided for mandatory arbitration of disputes relating to the Baltins' brokerage account.[1] The forum selection clause stated:

> All actions or proceedings arising with respect to any controversy arising out of this Agreement or orders entered or transactions effected for Customer's accounts shall be litigated, at the discretion and election of Linnco, only in courts whose situs is within the State of Illinois and Customer hereby submits to the jurisdiction of the courts of the state of Illinois and the jurisdiction of the United States District Court of the Northern District of Illinois, Eastern Division.

Subsequently, a trading order was entered in the Baltins' account, which had been established pursuant to the brokerage contract. When the Baltins learned of this entry, they immediately denied knowledge of the order and refused to accept the trade. ATC brought suit against the Baltins in the Cook County Circuit Court of Illinois for the damages that arose from the trade. The Baltins moved to dismiss the court proceedings and to have the case transferred to arbitration. The Cook County Circuit Court compelled arbitration in accordance with the contract and stayed the matter pending the outcome of arbitration. The parties proceeded to arbitration before a tribunal located within the Southern District of Florida. ATC sought $19,921.36 in actual damages and $50,000.00 in punitive damages, plus attorneys' fees, costs, and interest. The arbitration tribunal held in favor of ATC and awarded ATC $36,284.69.

The Baltins, proceeding *pro se,* then filed the instant action to vacate, modify, or correct the award pursuant to the Federal Arbitration Act (FAA) sections 10 and 11,[2] which state that "the

---

[1] The arbitration clause stated in part: "If you sign this Arbitration Agreement, you will have agreed to submit all future disputes with Linnco, its employees and agents to arbitration if such disputes arise out of or relate to your account."

[2] The Baltins brought suit by filing a "Motion ... for an Order Vacating Arbitration Award, or in the Alternative, Modifying or Correcting Award." The federal statutory provision referenced in the motion, however, is 9 U.S.C. § 9, which allows parties to apply for *confirmation* of arbitration awards. We construe the motion to be based not on 9 U.S.C. § 9, but rather on 9 U.S.C. § 10(a) ("In any of the following cases, the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any

United States Court in and for the district wherein an arbitration award was made may make an order" vacating, modifying, or correcting the award upon application by a party to the arbitration. 9 U.S.C. §§ 10-11.[3]

ATC moved to dismiss on the basis that the forum selection clause required the Baltins to file suit in Illinois. The district court granted ATC's motion. It held that it had "permissive jurisdiction" to entertain the case[4] but that the Baltins should have brought suit in Illinois, as required by the contract.

On appeal, the Baltins claim that:

1. the district court erred in finding that sections 10 and 11 of the FAA impart permissive, rather than exclusive, jurisdiction on federal district courts;

2. the district court's dismissal violated the Baltins' due process rights because it occurred more than ninety days after the arbitration award, at which point the Baltins could not file in Illinois a timely motion to vacate, modify, or correct the award;[5] and

---

party to the arbitration ....") and 9 U.S.C. § 11 ("In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration....").

[3]The Baltins' suit was based, in the alternative, on section 682.10 of the Florida Arbitration Code, Fla. Stat. Ann. § 682.10.

[4]The circuits are split on the issue of whether the district court where an arbitration award was made has *exclusive* or *permissive* authority to adjudicate an action to vacate, modify or correct the award. *Compare Cent. Valley Typographical Union No. 46 v. McClatchy Newspapers,* 762 F.2d 741, 744 (9th Cir.1985) (exclusive), *and Tesoro Petroleum Corp. v. Asamera,* 798 F.Supp. 400, 403 (W.D.Tex.1992) (exclusive), *with In re VMS Sec. Litigation,* 21 F.3d 139, 144-145 (7th Cir.1994) (permissive), *and Dombrowski v. Swiftships, Inc.,* 864 F.Supp. 1242, 1251 (S.D.Fla.1994) (permissive). Because we hold that the district court did not have subject matter jurisdiction in this case, we need not decide whether *City of Naples v. Prepakt Concrete Co.* is controlling precedent on this question. 490 F.2d 182, 184 (5th Cir.) (holding that the proper court to confirm an arbitration award pursuant to section 9 of the FAA was the federal district court where the arbitration award was made, even though a federal court in another district had stayed the initial lawsuit and compelled arbitration), *modified on other grounds and reh'g denied,* 494 F.2d 511, *cert. denied,* 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974).

[5]*See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or

3. the district court's dismissal violated the Baltins' constitutional right to be sued for damages in their home state of Florida.

## II.

This court can conduct plenary review of subject matter jurisdiction *sua sponte. Fitzgerald v. Seaboard System R.R., Inc.,* 760 F.2d 1249, 1251 (11th Cir.1985). Indeed, this court has the obligation to inquire into subject matter jurisdiction whenever it may be lacking. *Id.* (citing *Philbrook v. Glodgett,* 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975); *City of Kenosha, Wis. v. Bruno,* 412 U.S. 507, 511, 93 S.Ct. 2222, 2225, 37 L.Ed.2d 109 (1973)). *See* Fed.R.Civ.P. 12(h)(3).

In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See Klein v. Drexel Burnham Lambert,* 737 F.Supp. 319, 323 n. 11 (E.D.Pa.1990). In this case, the district court did not have any of the three types of subject matter jurisdiction.

## A.

It is a matter of first impression for this court whether sections 10 and 11 of the FAA confer federal subject matter jurisdiction. Consistent with other courts that have addressed the issue, we hold that sections 10 and 11 are not statutory grants of federal subject matter jurisdiction.

Federal courts and state courts have concurrent jurisdiction to enforce the FAA. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983).[6] As courts have long held, however, the FAA does not confer subject matter jurisdiction on

delivered....").

[6]The Court in *Moses H. Cone* concluded that state courts are obliged to grant stays of litigation pursuant to FAA section 3, *id.* at 26, 103 S.Ct. at 942, but the Court declined to resolve

federal courts. Instead, federal courts must have an independent jurisdictional basis to entertain

cases arising under the FAA. The Supreme Court has stated:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.

*Id.* at 25 n. 32, 103 S.Ct. at 942 n. 32.

In particular, the Court has ruled that FAA sections 3 and 4 do not confer subject matter

jurisdiction on federal courts.[7]

> Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue. *E.g., Commercial Metals Co. v. Balfour, Guthrie, & Co.,* 577 F.2d 264, 268-69 (5th Cir.1978), and cases cited. Section 3 likewise limits the federal courts to the extent that a federal court cannot stay a suit pending before it unless there is such a suit in existence.

*Id. See also Southland Corp. v. Keating,* 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 861 n. 9, 79 L.Ed.2d 1

(1984) (stating that, in light of language of sections 3 and 4, the FAA "does not create any

independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise").[8]

Federal courts consistently have applied the *Moses H. Cone* analysis of sections 3 and 4 to

---

whether state courts have the power to compel arbitration pursuant to FAA section 4, *id.* at 26 & n. 35, 103 S.Ct. at 942 & n. 35.

[7]Section 3 provides that "any of the courts of the United States" can stay proceedings where an issue therein is referable to arbitration "under an agreement in writing for such arbitration...." 9 U.S.C. § 3. Section 4 allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition "any United States district court which save for such agreement would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed...." 9 U.S.C. § 4.

[8]The Supreme Court's statements in *Moses H. Cone* and *Keating* overrule prior language of this court in *Ultracashmere House, Ltd. v. Meyer,* 664 F.2d 1176, 1180 n. 5 (11th Cir.1981) ("In this case jurisdiction is authorized by the diversity jurisdiction provision, 28 U.S.C. § 1331, and the Arbitration Act, 9 U.S.C. § 4.").

other provisions of the FAA, as well. Thus, even though several sections of the FAA authorize

particular actions by the United States district court, *see* 9 U.S.C. §§ 7,9-11,[9] "courts have not

construed these references to the United States district court as intending to confer federal court

jurisdiction, but rather as specifying the powers possessed by the court in a case that is properly

before it." *Drexel Burnham Lambert, Inc. v. Valenzuela Bock,* 696 F.Supp. 957, 961

(S.D.N.Y.1988) (citing 9 U.S.C. §§ 7,9-11); *see also Giangrande v. Shearson Lehman / E.F.

Hutton,* 803 F.Supp. 464, 470 (D.Mass.1992) (reviewing cases and concluding that sections 7, 9, 10,

and 11 "have not been understood to confer jurisdiction on federal courts").

For example, courts have held that actions brought in federal court to confirm arbitration

awards pursuant to section 9 of the FAA[10] must demonstrate independent grounds of federal subject

matter jurisdiction. As the Ninth Circuit reasoned, to hold that section 9 confers subject matter

jurisdiction would present

> a significant possibility of eviscerating the clear limits on federal jurisdiction contained in
> sections 3 and 4. [Such an] expansive interpretation would mean, for example, that a district
> court lacking jurisdiction to compel arbitration under section 4 might nonetheless threaten
> to confirm a subsequent ex parte award under section 9. Such a threat would have a
> substantial compulsory effect. We cannot approve an interpretation which would achieve
> by indirection that which Congress has clearly forbidden.

*General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 969 (9th Cir.1981), *cert. denied,* 455

U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982); *see also id.* at 970 (adopting district court

opinion, which stated in part, "Section 9 does not contain language common to jurisdictional grants,

---

[9]These sections authorize the court to: compel the attendance of witnesses at arbitration
proceedings, 9 U.S.C. § 7; confirm arbitration awards, 9 U.S.C. § 9; vacate arbitration awards,
9 U.S.C. § 10; and modify or correct arbitration awards, 9 U.S.C. § 11.

[10]"If no court is specified in the agreement of the parties, then such application [to confirm an
arbitration award] may be made to the United States court in and for the district within which
such award was made...." 9 U.S.C. § 9.

and to require independent jurisdictional grounds under other sections and not under Section 9

renders the Act a "patchwork of individual statutes bereft of any coherent plan.' ") (citing 13B

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* §

3569 at 467-70 (1975)).  Many other federal courts,[11] including the Eleventh Circuit,[12] also have

concluded that section 9 is not a statutory grant of federal subject matter jurisdiction.

Consistent with this reasoning, we now hold that FAA sections 10 and 11, which allow

courts to vacate, modify or correct arbitration awards, do not confer federal subject matter

jurisdiction.  As the Second Circuit has ruled:

> Section 10 states in part that "the United States court in and for the district wherein the
> award was made may make an order vacating [an arbitration] award.' This language is less
> than precise and might be read as conferring subject matter jurisdiction.  However, we have
> consistently held that Congress did not intend the Arbitration Act as a grant of jurisdiction.

---

[11]*See, e.g., City of Detroit Pension Fund v. Prudential Sec., Inc.,* 91 F.3d 26, 29 (6th
Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1252, 137 L.Ed.2d 333 (1997);  *Yasuda Fire &
Marine Ins. Co. of Europe, Ltd. v. Continental Cas. Co.,* 37 F.3d 345, 346 & n. 1 (7th Cir.1994);
*Transp. Cybernetics, Inc. v. Forest Transit Comm'n, Forest County, Wis.,* 950 F.2d 350, 351 n. 1
(7th Cir.1991);  *Pac. Reinsurance Management Corp. v. Ohio Reinsurance Corp.,* 935 F.2d
1019, 1021 (9th Cir.1991);  *Stroh Container Co. v. Delphi Indus., Inc.,* 783 F.2d 743, 748 n. 7
(8th Cir.), *cert. denied,* 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986);  *Ballantine
Books, Inc. v. Capital Distributing Co.,* 302 F.2d 17, 19 (2d Cir.1962);  *Wis. Comm'r of Ins. v.
Cal. Reinsurance Management Corp.,* 819 F.Supp. 797, 800 (E.D.Wis.1993);  *First Commercial
Financial Group, Inc. v. Baghdoian,* 812 F.Supp. 837, 840 (N.D.Ill.1993);  *TM Marketing, Inc.
v. Art & Antiques Assocs., L.P.,* 803 F.Supp. 994 (D.N.J.1992);  *New Hope Baptist Church v.
Design Bldg. Interiors, Inc.,* 789 F.Supp. 19, 19-20 (D.D.C.1992);  *Quick & Reilly, Inc. v.
Saglio,* 717 F.Supp. 822, 824 (S.D.Fla.1989);  *Higgins v. United States Postal Serv.,* 655 F.Supp.
739, 741 (D.Me.1987);  *Hughes-Bechtol, Inc. v. W. Va. Bd. of Regents,* 527 F.Supp. 1366, 1384
(S.D.Ohio 1981), *aff'd,* 737 F.2d 540 (6th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 433, 83
L.Ed.2d 359 (1984);  *Paley Assocs., Inc. v. Universal Woolens, Inc.,* 446 F.Supp. 212, 213 n. 1
(S.D.N.Y.1978);  *Litton RCS, Inc. v. Pa. Turnpike Comm'n,* 376 F.Supp. 579 (E.D.Pa.1974),
*aff'd,* 511 F.2d 1394 (3d Cir.1975);  *Bangor & Aroostock R.R. Co. v. Maine Cent. R.R. Co.,* 359
F.Supp. 261, 263 (D.D.C.1973).

[12]*See Loral Corp. v. Swiftships, Inc.,* 77 F.3d 420, 422 (11th Cir.) (stating that subject matter
jurisdiction for cases filed under section 9 "must be based upon either diversity of citizenship or
the existence of a federal question"), *cert. denied,* --- U.S. ----, 117 S.Ct. 390, 136 L.Ed.2d 306
(1996).

There must be an independent basis of jurisdiction before a district court may entertain petitions under the Act.

*Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261,* 912 F.2d 608, 611 (2d Cir.1990) (citations omitted). Although the Supreme Court in *Moses H. Cone* analyzed sections 3 and 4 of the FAA, rather than section 10, the *Hoffman* court concluded that "it would be anomalous to conclude ... that section 4 confers no jurisdiction to compel arbitration, but that section 10 confers jurisdiction to vacate an award once arbitration takes place." *Id.* at 611 n. 1 (citing *Stroh Container Co. v. Delphi Indus., Inc.,* 783 F.2d 743, 747-48 n. 7 (8th Cir.), *cert. denied,* 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986)).

Furthermore, a narrow interpretation of section 10 is consistent with the limited nature of federal subject matter jurisdiction. *See Hoffman,* 912 F.2d at 611 n. 1 (stating that "we should not readily impute to Congress" an intent to open federal courts to "a host of arbitration disputes" brought under section 10). Indeed, if sections 9, 10, and 11 of the FAA were to be read as conferring jurisdiction, then any contract that involved commerce and contained a valid arbitration clause[13] could give rise to a federal court action for the confirmation, vacatur, or modification of an arbitration award. *See Drexel Burnham Lambert, Inc. v. Valenzuela Bock,* 696 F.Supp. 957, 961 (S.D.N.Y.1988) ("It would be surprising if Congress had intended so drastic a change of federal jurisdiction."); *see also Fitzgerald v. Seaboard System R.R., Inc.,* 760 F.2d 1249, 1251 (11th Cir.1985) (citation omitted) (stating that federal courts are presumed to lack subject matter jurisdiction).

This court hereby adopts the analysis of the court in *Hoffman,* one of a long line of decisions

---

[13]Section 2 establishes the validity, irrevocability, and enforceability of written agreements to arbitrate contained "in any maritime transaction or a contract evidencing a transaction involving commerce." 9 U.S.C. § 2.

holding that section 10 does not confer subject matter jurisdiction on federal courts. *See, e.g., Minor v. Prudential Sec., Inc.,* 94 F.3d 1103, 1104-05 (7th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 954, 136 L.Ed.2d 841 (1997); *United States v. Am. Soc. of Composers, Authors, and Publishers,* 32 F.3d 727, 731 (2d Cir.1994); *Ford v. Hamilton Investments, Inc.,* 29 F.3d 255, 257 (6th Cir.1994); *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 7 F.3d 882, 884 (9th Cir.1993); *Mengel Co. v. Nashville Paper Prods. and Specialty Workers Union, No. 513,* 221 F.2d 644, 648 (6th Cir.1955); *Lipton v. Shearson,* 934 F.Supp. 638, 639 (S.D.N.Y.1996); *Kaplan v. Dean Witter Reynolds, Inc.,* 896 F.Supp. 1219, 1219 (S.D.Fla.1995); *Riccio v. Gray,* 852 F.Supp. 5, 6 (S.D.N.Y.1993); *Galuska v. Goldman, Sachs & Co.,* No. 92-C-8091, (N.D.Ill. June 24, 1993); *470 Stratford Holding Co. v. Local 32B-32J, Service Employees Int'l Union, AFL-CIO,* 805 F.Supp. 118, 121 (E.D.N.Y.1992); *Giangrande v. Shearson Lehman / E.F. Hutton,* 803 F.Supp. 464, 466 (D.Mass.1992); *Valenzuela Bock,* 696 F.Supp. at 960-61; *S.J. Groves & Sons Co. v. Am. Arbitration Ass'n,* 452 F.Supp. 121, 123 (D.Minn.1978); *Middlebury Assocs. v. R.E. Bean Constr. Co.,* 446 F.Supp. 28, 30 (D.Vt.1977); *Victorias Milling Co. v. Hugo Neu Corp.,* 196 F.Supp. 64, 69-70 (S.D.N.Y.1961).

Having determined that section 10, concerning petitions to vacate arbitration awards, does not confer subject matter jurisdiction on federal courts, we naturally conclude that the similarly worded section 11, concerning petitions to modify or correct arbitration awards, also does not constitute a statutory grant of jurisdiction. *See Valenzuela Bock,* 696 F.Supp. at 960 (stating that "courts have consistently held" that sections 7, 9, 10 and 11 of the FAA do not confer federal subject matter jurisdiction).[14]

B.

---

[14]Indeed, this court can locate no authority disputing our conclusion that sections 10 and 11 of the FAA do not confer subject matter jurisdiction on federal courts.

Because sections 10 and 11 of the FAA do not provide an independent statutory grant of federal subject matter jurisdiction, we turn to the second potential jurisdictional basis: federal question jurisdiction. *See* 28 U.S.C. § 1331. Federal question jurisdiction exists only when the "well-pleaded complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

The Baltins' motion did not raise a federal question. First, even though sections 10 and 11 of the FAA appear to "create[ ] ... cause[s] of action," *see Franchise Tax Bd.,* 463 U.S. at 27-28, 103 S.Ct. at 2856, the Supreme Court has held that a suit brought pursuant to the FAA is not intrinsically a case presenting a federal question. As the Court stated in *Moses H. Cone,* " *The Arbitration Act ...* creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it *does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331* or otherwise." 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32 (1983) (emphasis added).

Second, the Baltins' right to relief did not depend on the "resolution of a substantial question of federal law." *See Franchise Tax Bd.,* 463 U.S. at 28, 103 S.Ct. at 2856. The Baltins moved to vacate, modify, or correct the arbitration award based only on alleged misdeeds of the arbitrators, not based on any violation of federal law. As the Seventh Circuit has explained, "[A] motion to vacate on the grounds of fraud, corruption, undue means, evident partiality, and failure to consider pertinent and material evidence, does not require the resolution of any federal issue, let alone a "substantial question of federal law.' " *Minor v. Prudential Sec., Inc.,* 94 F.3d 1103, 1105 (7th Cir.1996) (quoting *Franchise Tax Bd.,* 463 U.S. at 27-28, 103 S.Ct. at 2856), *cert. denied,* --- U.S.

----, 117 S.Ct. 954, 136 L.Ed.2d 841 (1997).[15]  Under *Franchise Tax Board,* therefore, the district court did not have federal question jurisdiction over this case.

C.

Finally, we must determine whether the district court had diversity jurisdiction over this case.  *See* 28 U.S.C. § 1332(a).  The maximum remedy sought by the Baltins was the vacatur of the arbitration award of $36,284.69.[16]  Diversity jurisdiction did not exist because it was a "legal certainty" that the amount in controversy was less than $50,000, the amount required for federal diversity jurisdiction at the time the Baltins filed suit.[17]  *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1094 (11th Cir.1994) (stating that district court lacks diversity jurisdiction where it appears to a "legal certainty" that plaintiff's claim is for less than the jurisdictional amount) (citing *St. Paul's Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

III.

---

[15]Because the arbitration proceedings concerned damages from breach of contract, we need not decide whether a federal court would have subject matter jurisdiction over an action brought under FAA sections 10 or 11 if the underlying claim in arbitration concerned a federal question. *Compare* 9 U.S.C. § 4 (appearing to confer jurisdiction on a federal court to issue a motion to compel arbitration where the court would have jurisdiction over the underlying claim in arbitration), *with Minor,* 94 F.3d at 1106 (citing "strong body of case law" that holds "that the nature of the underlying dispute is irrelevant for purposes of subject matter jurisdiction, even on a motion to compel under section 4";  noting that section 10 has different language than section 4;  and concluding that, even if nature of underlying claim were relevant to question of whether jurisdiction existed under section 4, district court has jurisdiction over section 10 petition to vacate "only where diversity of citizenship exists or where the motion discloses a federal question on its face").

[16]The Baltins did not request an award modification that would provide *the Baltins* with money.  Instead, the Baltins sought merely to reduce or eliminate the arbitration award against them.

[17]The Baltins filed suit on March 29, 1996.  Pursuant to the Federal Courts Improvement Act of 1996, Pub.L. No. 104-317, § 205(a), 110 Stat. 3847, 3850, the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) increased from $50,000 to $75,000 on January 17, 1997.

The district court held that it had permissive jurisdiction over this case but that the Baltins should have brought suit in Illinois, pursuant to the parties' contract. As explained above, however, the district court did not have subject matter jurisdiction over this case at all. We therefore affirm the dismissal of the case,[18] although for reasons different than those stated by the district court. *See Sec. & Exch. Comm'n v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943) (stating that the decision of the lower court must be affirmed if the result is correct even though the lower court relied upon a wrong ground or gave a wrong reason), *cited in C.H. Robinson Co. v. Trust Co. Bank, N.A.,* 952 F.2d 1311, 1316 (11th Cir.1992); *cf. Kleiman v. Dep't of Energy,* 956 F.2d 335, 339 (D.C.Cir.1992) (affirming district court's dismissal of case where action failed to state a claim on which relief could be granted, *see* Fed.R.Civ.P. 12(b)(6), but where the district court had dismissed action improperly for lack of subject matter jurisdiction).

AFFIRMED

---

[18]The Baltins' suit was based, in the alternative, on section 682.10 of the Florida Arbitration Code, Fla. Stat. Ann. § 682.10. Because the district court did not have subject matter jurisdiction over the federal claim, we also hold that the district court properly declined to exercise supplemental jurisdiction over this state law claim. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988) ("When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."), *cited in Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir.1997).

The Baltins moved to vacate the arbitration award based on the following alleged misbehavior of the arbitrators: evident partiality; misconduct in refusing to hear evidence; manifest disregard of the law; and procedural misconduct. They moved to modify the award based on a miscalculation of costs.