[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 26, 2010
JOHN LEY
CLERK

No. 09-16217
Non-Argument Calendar

_____

D. C. Docket No. 09-00592-CV-CG-C

LINDA CONE SELENSKY,

Plaintiff-Appellant,

versus

JUDGE WHIDDON,
BAYOU BEND APTS, LLC,
POLICE DEPARTMENT OF MOBILE,
ANIMAL CONTROL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 26, 2010)

Before MARCUS, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Linda Cone Selensky appeals the dismissal of her pro se complaint, against Judge Whiddon, Mobile Animal Control, Bayou Bend Apartments, L.L.C., and the Mobile Police Department, which the district court dismissed based on a lack of subject-matter jurisdiction. On appeal, Selensky argues that the federal courts have jurisdiction over her claims because she cannot obtain a fair disposition of her case in state court. After careful review, we affirm.

We review the subject-matter jurisdiction of the district court de novo. Gottfried v. Germain, 578 F.3d 1306, 1311 (11th Cir. 2009).

A plaintiff must affirmatively set forth the basis for the court's subject-matter jurisdiction in her complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); Fed.R.Civ.P. 8(a)(1). Absent diversity of citizenship, a plaintiff must present a "substantial" federal question in order to invoke the district court's jurisdiction. Wyke v. Polk Co. Sch. Bd., 129 F.3d 560, 566 (11th Cir. 1997). A district court will have federal question jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." 18 U.S.C. § 1331. Thus, federal question jurisdiction exists only when the complaint, standing alone, establishes either that a federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997).

A court must accept a plaintiff's well-pled facts as true and make reasonable inferences in her favor, but the court is not required to accept the plaintiff's legal conclusions or draw her inferences. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). In addition, pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Even giving liberal construction to Selensky's complaint, she has failed to present any basis for the district court's subject-matter jurisdiction. For starters, Selensky did not set forth the basis for the court's jurisdiction in her complaint. Taylor, 30 F.3d at 1367; Fed.R.Civ.P. 8(a)(1). Moreover, Selensky has conceded that diversity jurisdiction did not exist.

Thus, reading her pro se complaint liberally, Selensky appears to base her claims upon federal question jurisdiction. Selenksy's complaint asserts that she was discriminated against based on her disability and gender, but she provides no factual allegations to support these claims. Indeed, accepting all facts and inferences in Selensky's complaint as true, she has failed to show any correlation between her harms and any gender or disability discrimination. Because her complaint does not establish that federal law creates a cause of action, or that her relief in the dispute over her cats and her pending eviction depend on the resolution

3

of a question of federal law, federal question jurisdiction does not exist. <u>Baltin</u>, 128 F.3d at 1472. Further, Selensky's claim that jurisdiction is proper because she cannot obtain adequate relief in state court is without merit. <u>See</u> 28 U.S.C. §§ 1330-1369.

In short, Selensky's complaint has failed to establish subject-matter jurisdiction, and we affirm the district court's dismissal.

**AFFIRMED.**