[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12978
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-03601-CLS

JAMES LAURENCE BUTLER, SR.,

Plaintiff-Appellant,

versus

TIM MORGAN,
ROBERT BROUSSARD,
JANE SMITH,
JEANNY COLE,
KAY ROOME,
ROGER ROOME,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 3, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

James Laurence Butler, Sr., an Alabama citizen proceeding pro se, appeals the district court's dismissal of his amended civil complaint without prejudice for lack of subject matter jurisdiction. Butler raised four state law claims involving Butler and his son, and their bail bond corporation; and he alleged that the defendants all resided in Alabama. The district court dismissed the amended complaint for lack of subject matter jurisdiction after finding that Butler failed to allege diversity of citizenship among the parties and failed to plead a colorable claim arising under a federal law or the U.S. Constitution, noting that Butler had made only one footnote reference to constitutional amendments, which was inadequate to invoke federal-question jurisdiction. On appeal, Butler does not mention the dismissal or subject-matter jurisdiction, and argues only the merits of his underlying claims attacking the state cases. After careful review, we affirm.

We review dismissals for lack of subject-matter jurisdiction de novo. Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009). A federal court may raise jurisdictional issues on its own initiative at any stage of litigation. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). While we liberally interpret briefs filed by pro se litigants, issues not briefed on appeal are deemed abandoned and we will not consider them. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).

For a federal court to have diversity jurisdiction, the action must be between citizens of different states and the amount in controversy must exceed $75,000. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Diversity jurisdiction requires that no plaintiff is a citizen of the same state as any defendant. MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).

Section 1331 provides district courts with subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). "A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

3

resolution of a substantial question of federal law." Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001) (quotation omitted).

Even a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction if (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "such a claim is wholly insubstantial and frivolous." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotation omitted). A claim is "wholly insubstantial and frivolous" so as to warrant dismissal for lack of subject matter jurisdiction only "if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." Id. (quotation omitted).

A court must dismiss a complaint if it determines that jurisdiction is lacking. Fed.R.Civ.P.12(h)(3). A district court may dismiss a complaint for lack of subject-matter jurisdiction based on: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint plus undisputed facts plus the court's resolution of disputed facts. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. May 1981).[1] Further, an opposing party may attack a complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as

4

A district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal if "it appears a more carefully drafted complaint might state a claim upon which relief can be granted," even if the plaintiff never seeks leave to amend. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (holding that a district court is not required to sua sponte grant a counseled plaintiff leave to amend when plaintiff never filed a motion to amend or requested leave to amend before the district court, but expressly noting that the holding did not apply to pro se litigants). On the other hand, where a plaintiff seeks leave to amend a complaint after a responsive pleading has been filed, a district court may properly deny the request when amendment would be futile. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004).

A Rule 12(b)(1) motion can be based upon either a facial challenge to the complaint itself or a factual challenge that looks beyond the complaint to evidence concerning jurisdiction. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). A "facial attack" requires a district court "merely to look to the complaint to see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. (quotations and brackets omitted).

---

binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

5

Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241 and 242, the criminal analogue of 42 U.S.C. § 1983.  See Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 [§§241–242] may be disregarded in this suit. They are criminal in nature and provide no civil remedies.").

Here, Butler's claims fail for two reasons.  First, Butler has abandoned any challenge to the district court's dismissal for lack of subject matter jurisdiction because he does not offer any argument regarding, or even mention, the dismissal or subject-matter jurisdiction.  Timson, 518 F.3d at 874.  Second, assuming Butler has adequately challenged the dismissal, his challenge fails because his first amended complaint did not allege a basis on which the district court could have exercised jurisdiction.

To begin with, Butler failed to allege diversity jurisdiction, stating only that he and all of the defendants were residents of Alabama.  The amended complaint also failed to raise issues of federal law.  Rather, the four-count amended complaint raised state and common law causes of action for fraud, conspiracy, conversion, and breach of fiduciary duty.  The sole reference to federal law in the amended complaint -- a single footnote citation listing, without context or elaboration, various constitutional amendments -- is inadequate to demonstrate a federal question under the well-pleaded complaint rule.  Moreover, the attached

6

copies of 18 U.S.C. §§ 241 and 242 are similarly unavailing, and are, in any event, inapplicable because they are criminal statutes that do not provide a civil cause of action or any civil remedy.  Hanna, 281 F.2d at 303.

Although Butler purported to assert two "federal questions" in his response to the motions to dismiss the amended complaint, the district court was not required to consider those assertions because dismissal was proper based on the amended complaint alone.  Williamson, 645 F.2d at 413.  Further, to the extent that the court construed the defendants' 12(b)(6) motions as Rule 12(b)(1) motions, it was still only required to look to the face of the complaint, because their jurisdictional arguments were facial, not factual.  McElmurray, 501 F.3d at 1251.  Finally, because the court (1) sua sponte allowed Butler to amend his original complaint once to cure any pleading deficiencies, and (2) later found that further amendment would have been futile, it was not required to consider additional or amended pleadings, and there is no indication that Butler could amend the operative pleading to adequately state a viable claim.  Bank, 928 F.2d at 1112; Hall, 367 F.3d at 1262-63.

**AFFIRMED.**