[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10162
Non-Argument Calendar

_____

D.C. Docket No.  3:13-cv-00528-RV-CJK


ANIBAL SAN ANTONIO,

Plaintiff - Appellant,

versus

MARK HENRY,
RICHARD SUBSAVAGE,
JASON CROCKETT,
MARK SHIPMAN

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 9, 2015)

Before JORDAN, JILL PRYOR, and COX, Circuit Judges.

PER CURIAM:

Anibal San Antonio ("San Antonio") appeals the district court's dismissal without prejudice of federal-law claims arising from incidents that occurred while San Antonio was an inmate at Blackwater River Correctional Facility in Florida ("Blackwater"). The Defendants—Warden Mark Henry, Programs Warden Richard Subsavage, Head Classification Officer Jason Crockett, and Senior Chaplain Mark Shipman—are sued in their official and individual capacities.

The district court dismissed the claims now before us on the ground that San Antonio had not properly exhausted his administrative remedies as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e. (Docs. 12, 14). We affirm the district court's judgment dismissing without prejudice San Antonio's "Law Clerk Claim" for failure to properly exhaust his administrative remedies. We vacate the district court's judgment dismissing San Antonio's "Dormitory Claims" and remand them for further proceedings.

## I. Facts

We presume the parties' familiarity with the facts. This case was resolved on the basis of a motion under Federal Rule of Civil Procedure 12(b)(6) directed only at San Antonio's complaint. He attached exhibits to his complaint that we also have considered. We recite only the facts necessary to resolve the appeal.

These are the facts underlying the Dormitory Claims. When San Antonio was an inmate at Blackwater, he was removed on April 5 by the Defendant

Shipman from the Faith and Character Based Dormitory. San Antonio alleges that he was removed for administrative reasons, but that the Defendant Shipman did not comply with regulations of the Florida Department of Corrections. (Doc. 3, Ex. B, ¶¶ 16-19, 34-35). San Antonio does not allege that any other defendant was involved in the decision to remove him. He filed an informal grievance against the Defendant Shipman on July 19. San Antonio alleges that he waited so long to file the informal grievance because reprisal would occur that would preclude him from completing his certified law clerk training. (*Id*., ¶ 21). Blackwater denied the formal grievance on August 9. Neither the record nor any party explains why nor what happened to the informal grievance. On August 17, San Antonio mailed an appeal of Blackwater's August 9 formal-grievance decision to the Office of the Secretary of the Florida Department of Corrections ("Central Office"). Central Office rejected the grievance as untimely.

These are the facts underlying the Law Clerk Claim. On July 23, the Defendant Crockett removed San Antonio from his position as a law clerk. San Antonio does not allege in his complaint that any other defendant was involved in this decision. San Antonio does not allege in his complaint any facts describing why the Defendant Crockett removed him, but he includes conclusory statements that he did so in retaliation for San Antonio's filing the informal grievance against the Defendant Shipman. (*Id*., ¶¶ 33, 38, 43). On July 25, San Antonio grieved the

3

Defendant Crockett's action directly to Central Office.  Central Office rejected the direct grievance on August 2, reasoning that San Antonio had not alleged in his direct grievance sufficient reasons why he could not pursue the grievance against the Defendant Crockett through Blackwater grievance channels.  San Antonio took no further action with respect to this grievance, which underlies the Law Clerk Claim.

## II.  Standard of Review

We must conduct sua sponte, plenary review of subject matter jurisdiction whenever it appears lacking. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1468 (11th Cir. 1997).  As a jurisdictional issue, mootness may be raised sua sponte by this court at any time. *National Advertising Co. v. City of Miami*, 402 F.3d 1329, 1331-32 (11th Cir. 2005).  Factual findings underlying a Prisoner Litigation Reform Act ruling are reviewed for clear error. *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008).

## III.  Discussion

### A.  Exhaustion of Administrative Remedies Requirements

The Prisoner Litigation Reform Act provides that "[no] action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a).  The Supreme Court has held that "proper exhaustion of administrative remedies is necessary" as a prerequisite for prisoners to bring any claim in federal court. *Woodford v. Ngo*, 541 U.S. 81, 84, 126 S. Ct. 2378, 2382 (2006) (emphasis added).  Exhaustion is "proper" when the prisoner "[complies] with an agency's deadlines and other critical procedural rules . . . ."  *Id.*, 541 U.S. at 90, 126 S. Ct. at 2386.

The grievance procedure promulgated by the Florida Department of Corrections requires: (1) an informal grievance submitted to a designated staff member within twenty days of a challenged occurrence; (2) a formal grievance submitted to the warden's office within the earlier of fifteen days (a) from the response to the informal grievance, or (b) from the challenged occurrence; and (3) a direct grievance to the Central Office within fifteen calendar days of the challenged occurrence. FLA. ADMIN. CODE r. 33-103.005–103.007; 33-103-011(1). A "direct grievance" (e.g., a grievance alleging that reprisal from prison staff will result from filing an informal or a formal grievance) may be filed directly with the Central Office. *Id.*, 33-103.007(6)(a).  The inmate must "resubmit his . . . grievance at the appropriate level" if Central Office decides that it does not qualify as a direct grievance. *Id.*, 33-103.007(6)(d).

5

## B.  Law Clerk Claim

San Antonio contends that the Central Office wrongfully rejected his direct grievance underlying the Law Clerk Claim on the basis that it did not explain adequately why he could not pursue the grievance at Blackwater.  The Defendants contend that there was a substantive defect in San Antonio's grievance.  And, the Defendants contend that San Antonio could have timely amended and re-filed the law clerk grievance and simply chose not to do so.

The Law Clerk Claim was not properly exhausted under the Prison Litigation Reform Act as the Act is interpreted by the Woodford Court.  The district court was correct to dismiss it for failure to properly exhaust.  San Antonio had ample time to re-file either with Blackwater or with Central Office.  His choice not to do so was a failure to properly exhaust.

## C.  Dormitory Claims

San Antonio contends, and the Defendants concede, that the district court erred in determining that San Antonio untimely filed the Dormitory Claims appeal to Central Office.  The Defendants contend, nevertheless, that San Antonio has not stated a claim in his complaint for deprivation of his religious-freedom or religious-expression rights under either the First Amendment or the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et. seq.* ("RLUIPA").  The Defendants never raised a failure-to-state-a-claim challenge to either the

6

RLUIPA or the First Amendment claim.  They may not do so for the first time on appeal. *Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1353–54 (11th Cir. 1998).

We question whether we have subject-matter jurisdiction to resolve the RLUIPA claim.  The Government states in its brief that San Antonio is no longer housed at Blackwater. (Red Brief 2, n.3).  Because the only relief San Antonio may obtain for a RLUIPA violation is declaratory and injunctive relief, *see Smith v. Allen*, 502 F.3d 1255, 1271–75 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1655–1657 (2011) (abrogating the *Smith* court's holding that RLUIPA waived state sovereign immunity), San Antonio's RLUIPA claim might be moot.  The district court should determine in the first instance whether the RLUIPA claim is moot.  And, because the district court disposed of both of the Dormitory Claims solely on a failure-to-exhaust basis, it has not considered the merits of either the RLUIPA or the First Amendment claim. We, therefore, remand the Dormitory Claims for further proceedings.

## IV.  Conclusion

For the reasons stated in this opinion, we affirm the district court's judgment dismissing the Law Clerk claim.   We vacate the district court's judgment dismissing the Dormitory Claims and remand them to the district court for further proceedings.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.