[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14969
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00238-TJC-PRL


CHRISTOPHER EDWARD HALLETT,

Plaintiff-Appellant,

versus

STATE OF OHIO,
GARY RICH,
Esq.,
ELISE BURKEY,
Esq.,
BENJAMIN JOLTIN,
CHRISTINA MARIE BURNHARM-HALLETT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 10, 2017)

Before TJOFLAT, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Christopher Hallett, proceeding *pro se*, appeals the district court's dismissal *sua sponte* of his civil rights complaint for lack of subject matter jurisdiction. On appeal, Hallett argues generally that the district court erred and that the district court denied him due process by dismissing his complaint.

We review *de novo* dismissals for lack of subject matter jurisdiction. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). *Pro se* pleadings are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, conclusory allegations and bare legal conclusions are insufficient to preclude dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Federal courts are limited in their jurisdiction to the power conferred by the Constitution and federal statutes, and the party invoking the court's jurisdiction bears the burden of proving the existence of federal jurisdiction. *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). When a district court lacks subject matter jurisdiction, it has no power to render a judgment on the merits and should dismiss the complaint "*sua sponte* if necessary, pursuant to Fed. R. Civ. P. 12(h)(3)." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003).

2

Subject matter jurisdiction in federal court can be established through one of three alternatives: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim that purports to arise under the Constitution or a federal statute may be dismissed if the alleged claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or if "such a claim is wholly unsubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotations omitted).

The Supreme Court has held that federal officials may be sued in their individual capacities for violations of a person's constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *Bivens* actions are brought directly under the Constitution, without a statute providing a cause of action. *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004). Additionally, 42 U.S.C. § 1983 creates a private right of action for deprivations of federal rights by persons acting under color of state law. 42 U.S.C. § 1983. To prevail on a § 1983 claim, "a plaintiff must demonstrate both (1) that

3

the defendant deprived h[im] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

The Eleventh Amendment provides immunity for states from lawsuits brought by "Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars a federal court from exercising jurisdiction over a lawsuit against a non-consenting state. *See Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778 (2000).

"Neither slavery nor involuntary servitude, except as punishment for a crime . . . shall exist within the United States." U.S. Const. amend. XIII. As the Supreme Court has explained, the primary purpose of the Thirteenth Amendment was to "abolish the institution of African slavery as it had existed in the United States at the time of the Civil War." *United States v. Kozminski*, 487 U.S. 931, 942 (1988). Thus, "the prohibition against involuntary servitude does not prevent the State or Federal Governments from compelling their citizens, by threat of criminal sanction, to perform certain civic duties." *Id.* at 943-44.

To establish diversity jurisdiction in cases between United States citizens, a plaintiff must show that the amount in controversy exceeds $75,000 and that the

4

case is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires that no plaintiff is a citizen of the same state as any defendant. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). The party seeking federal jurisdiction bears the burden to demonstrate that diversity exists by a preponderance of the evidence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011). The complaint "must allege the citizenship, not residence, of the natural defendants." *Id.* at 1342 n.12. Alleging residency is not sufficient. *See id.* at 1342.

No state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A violation of *procedural* due process occurs where the state fails to provide due process in the deprivation of a protected liberty interest. *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc). On the other hand, a violation of *substantive* due process occurs where an individual's fundamental rights, those "implicit in the concept of ordered liberty," are infringed—no matter the fairness of the procedure. *Id.* at 1556.

The district court did not err in dismissing Hallett's complaint for lack of subject matter jurisdiction. Although Hallett alleged that jurisdiction was proper under *Bivens,* he failed to name any federal official as a defendant. As for §1983, he failed to allege that the defendants acted under color of state law, and

5

failed to substantiate his claim with anything other than conclusory allegations. Further, Hallett failed to allege diversity jurisdiction properly, even after the district court raised the possibility and provided him with an opportunity to amend his complaint. Finally, because Hallett failed to articulate his due process argument with any specificity, and because the district court was performing its duty to ensure that it had jurisdiction over Hallett's complaint, there is no colorable argument that Hallett was denied any variety of due process.

**AFFIRMED.** [1]

---

[1] Hallett has moved this Court to "enforce discovery." His motion is denied.