[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12914
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00677-LMM


BRENDA E. CROOK-PETITE-EL,

Plaintiff - Appellant,

versus

BUMBLE BEE FOODS L.L.C.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 24, 2018)

Before JULIE CARNES, DUBINA, and HULL, Circuit Judges.

PER CURIAM:

Appellant Brenda Crook-Petite-el ("Crook-Petite-el"), proceeding *pro se*, appeals the dismissal of her tort action.  She makes two arguments on appeal. First, Crook-Petite-el argues that the district court erred in concluding that it lacked subject matter jurisdiction.  Second, Crook-Petite-el argues that the district court erred in concluding that her action was barred by the Georgia statute of limitations. After reviewing the record and reading the parties' briefs, we affirm the district court's order dismissing Crook-Petite-el's complaint.

We review a district court's legal conclusions in dismissing a complaint for lack of subject matter jurisdiction de novo, and its findings of jurisdictional facts for clear error.  *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016).  In this case, the burden for establishing federal subject matter jurisdiction is on the plaintiff.  *Id.*  We do, however, liberally construe *pro se* pleadings and hold these pleadings to a less stringent standard than pleadings drafted by attorneys.  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  We review de novo the district court's dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6).  *Am. United Life Ins. Co. v. Maritnez*, 480 F.3d 1043, 1056-57 (11th Cir. 2007).  The court views the complaint

2

in the light most favorable to the plaintiff, and we accept as true all of the plaintiff's well-pleaded facts.  *Id.* at 1057.

Federal subject matter jurisdiction can be established through one of three alternatives: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).  A complaint alleging a violation of a federal statute as an element of a state cause of action does not confer jurisdiction under § 1331 unless Congress has provided for a private, federal cause of action for the violation. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 817, 106 S. Ct. 3229, 3236 (1986).  We have noted that the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq*., does not provide for a private cause of action.  *Ellis v. C.R. Bard, Inc.*, 311 F.3d 1272, 1284 n. 10 (11th Cir. 2002) (referencing 21 U.S.C. § 337(a)).

To establish diversity jurisdiction in cases between U.S. citizens, a plaintiff must show that the amount in controversy exceeds $75,000 and that the case is between citizens of different states.  28 U.S.C. § 1332(a).  Diversity jurisdiction requires that no plaintiff is a citizen of the same state as any defendant. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).  The party seeking federal jurisdiction bears the burden to demonstrate that diversity exists by

3

a preponderance of the evidence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011). The complaint "must allege the citizenship, not residence, of the natural defendants." *Id.* at 1342 n.12. Alleging residency is not sufficient to establish citizenship, but an assertion of permanent residency is sufficient. *Id.* at 1342.

Here, we conclude from the record that the district court did not err in dismissing the complaint. The district court lacked subject matter jurisdiction because Crook-Petite-el and Bumble Bee Foods L.L.C. are Georgia citizens, and because the FDCA does not provide for a private cause of action. Because we hold that the district court lacked subject matter jurisdiction, we need not discuss whether the Crook-Petite-el's claim was barred by the Georgia statute of limitations. Accordingly, we affirm the district court's order dismissing Crook-Petite-el's complaint.

**AFFIRMED.**