## AMERICAN GUARANTY CO. v. CALD-WELL.

### No. 7356.

Circuit Court of Appeals, Ninth Circuit.

July 11, 1934.

210

Harry D. Parker, of Los Angeles, Cal., for appellant.

Clyde Doyle, John G. Clark, Edison Thomas, and W. Ward Johnson, all of Long Beach, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

The American Guaranty Company, a corporation organized under the laws of the state of Ohio, appellant herein, employed Hartley Caldwell, appellee herein, and a resident of Long Beach, Cal., to act as its general agent in certain counties in Southern California under a contract dated March 5, 1928. Said contract, among other things, provided: "Should any misunderstanding arise as to the interpretation of any part of this contract or any dispute ensue as to its application in the settlement to be made hereunder, it is agreed that at the request of either party hereto the matter shall be submitted to arbitration. Each party shall name one arbitrator and the two so named shall select a third arbitrator who shall be umpire and who shall be versed in the nature of the business covered by this contract. In the event either party after notice of desire to arbitrate fails or refuses to appoint an arbitrator within thirty days then the party so desiring arbitration may appoint both arbitrators. In the event the two arbitrators first appointed are unable within two weeks to agree upon an umpire then an umpire appointed by the President or Secretary of the National Bureau of Casualty and Surety Underwriters shall be the umpire. A majority decision of said arbitrators, rendered in writing shall be final and equally binding upon both parties to this agreement."

A dispute having arisen, thereafter and on or about the 14th day of November, 1929, Hartley Caldwell demanded arbitration of his claim against said company, and on or about the 14th day of December, 1929, appointed John Joseph Mullin as an arbitrator, and notified said American Guaranty Company thereof in writing on or about said 14th day of December, 1929. That said American Guaranty Company failed and refused to appoint an arbitrator prior to the 25th day of January, 1930, and at said time, said Hartley Caldwell, by reason of the failure of said American Guaranty Company to appoint an arbitrator, appointed John S. Talbott as a second arbitrator. That said two arbitrators selected one M. B. Yates as a third arbitrator. That said M. B. Yates was, by reason of illness, unable to act as such arbitrator, whereupon said two arbitrators selected one J. H. Buckle as a third arbitrator in place of said M. B. Yates.

That on the 5th day of March, 1930, a hearing was held by said arbitrators and that said arbitrators awarded to Hartley Caldwell the sum of $32,500 against said American Guaranty Company. That said Hartley Caldwell sought to obtain a confirmation of said award in the superior court of the state of California in and for the county of Los Angeles, but that said cause was removed to the District Court of the United States, Southern District of California, Central Division, on motion of said American Guaranty Company, which therein moved to vacate and set aside said award upon the ground, among others, that said arbitrator, John S. Talbott, was not appointed in the manner provided by said agreement and by law, and said award was on that ground vacated and set aside on the 12th day of February, 1931, and the court directed that said matter be reheard by arbitration pursuant to law. Thereafter, and pursuant to said order of court and said provisions of said contract, said Hartley Caldwell appointed said John J. Mullin as his arbitrator, and the American Guaranty Company appointed Harold B. Thomas as its arbitrator. The two arbitrators being unable to agree within two weeks, an umpire, one R. E. Laley, was appointed by Mr. E. E. Robinson, purporting to act as acting secretary of the National Bureau of Casualty and Surety Underwriters. A hearing was held by said arbitrators and umpire on December 18 and December 19, 1931, wherein evidence was introduced by both parties to the controversy and arguments made by the attorneys representing Hartley Caldwell and by the attorneys representing the said American Guaranty Company.

At the close of all the evidence the majority of the arbitrators signed and acknowledged in due legal form under date of December 19, 1931, a decision and award that said appellee and said appellant each take nothing as the result of this action; a copy of which was duly served upon each of the parties by delivering a copy to the attorneys representing said respective parties on December 22, 1931.

A dissenting decision under date of January 11, 1932, was rendered by John J. Mullin, arbitrator appointed by appellee. No motion to confirm said majority award was filed by either of said parties. On December 6, 1932, the appellee filed the decision

and award with the clerk of said court in said action, and, on December 7, 1932, appellee filed a notice of motion to vacate the award, supported by his affidavit. The District Court denied said motion. Later the court on its own motion vacated said prior order, and directed a rehearing of said matter due to the fact that several affidavits in behalf of said appellee had been misplaced and had not been considered by the court. After rehearing, the court on March 13, 1933, again made and entered an order denying the motion to vacate said majority award. On June 12, 1933, appellee filed another motion to vacate the order of March 13, 1933, supported by a number of affidavits in which it is set forth that R. E. Laley, one of the arbitrators, was irregularly appointed as such, and also alleging that the said arbitrator had a business connection with the appellant. On August 24, 1933, the court entered an order vacating its prior orders and vacating the majority award, holding that R. E. Laley, the umpire, was improperly appointed; that his actions as umpire were partial to appellant; and that said appellee and his attorneys were excusable in their neglect in the presentation of the matter at the time of the prior hearing and order thereon. Later appellant filed a motion to vacate the last order and asked for a rehearing and a new trial, which was denied by order of the court entered October 16, 1933. This appeal is from the order of August 24, 1933, wherein said District Court vacated its earlier orders denying the motions to vacate the award and also vacated the majority award, and from the order dated October 16, 1933, wherein the court refused to vacate said order of August 24, 1933, and refused to grant a rehearing and a new trial of this matter.

Appellant by its assignments of error contends that the District Court was without jurisdiction to entertain the original motion to vacate the award under the Federal Arbitration Act (9 USCA § 1 et seq.), and under the Federal Judicial Code, § 24 (1) (28 USCA § 41 (1), when said award was for less than $3,000, even though there was diversity of citizenship between the parties to the cause; that assuming the District Court had original jurisdiction to vacate the award, the court erred in holding that it had jurisdiction to vacate this award which was rendered by a majority of the arbitrators in due and legal form on December 19, 1931, and which was delivered to the parties on December 22, 1931, and the motion to vacate, not having been filed within three months, was too late; that the court erred in holding the appointment of R. E. Laley as umpire and arbitrator was irregular and illegal, and erred in holding that the decision and award of said Laley was evidently partial, but not corrupt or fraudulent; that the court was without jurisdiction to enter the minute order of August 24, 1933, vacating the award on the grounds of excusable neglect of appellee, where similar motions had previously been denied.

Appellant cites In re Woerner et al. (C. C. A.) 31 F.(2d) 283, and Montgomery's Manual of Federal Jurisdiction and Procedure (3d Ed.) par. 211, to support the contention here made that the District Court was without jurisdiction to consider the motion to vacate, as the award was for less than $3,000. In the Woerner Case the amount of the award did not exceed $3,000; there was nothing to show what amount was in controversy; and, as the court emphasized, there was no proof of diversity of citizenship, and the suit did not arise under the laws of the United States wherein the decision depended upon construction of a statute, and there was a plain attempt to confer jurisdiction on the court by stipulation. Considering all these facts, the court held: " * * * The jurisdiction of the District Court cannot be enlarged by consent or a stipulation that judgment might be entered in the District Court for the Southern District of New York. The court was without jurisdiction." Under a similar state of facts we might be disposed to follow this decision; but the case at bar is quite different.

The appellant first removed this matter to the federal court from the state court at the time appellee sought to confirm the award of $32,500 in the state court. The District Court originally acquired jurisdiction by reason of the diversity of citizenship. The District Court in vacating the original award of $32,500 ordered a rehearing of that matter by arbitration.

In addition to the record showing this original award of $32,500, it further discloses that evidence had been offered showing appellee had suffered damages in excess of $100,000, and in one of its answers appellant claims an indebtedness by way of offset of $5,525. It is the amount in controversy which determines jurisdiction, not the amount of the award.

The District Court first acquired jurisdiction in this matter when the controversy as to the original award of $32,500 was transferred by appellant's application from the state court to the federal court. This ap-

plication of appellee to set aside the award giving him nothing was made in the same court, filed in the same action, involving the same controversy between the same parties in which the District Court had originally acquired jurisdiction upon the application of appellant, and which was still pending. The contention that the District Court was without jurisdiction to set aside the award is without merit. B. Priestley & Co. v. Cunard S. S. Co. (C. C. A. 2) 29 F.(2d) 39.

All the terms of the arbitration contract have not been made a part of the record, and it is a well-known rule of law that courts generally will not construe an arbitration agreement as ousting them of their jurisdiction unless such construction is inevitable, and, jurisdiction in this case having been conferred on the District Court by action of the appellant, it will be assumed, where nothing appears to the contrary, that such jurisdiction has been rightfully retained and exercised.

Appellant contends that the court erred in holding that it had jurisdiction to vacate the award rendered by a majority of the arbitrators, because it appears that the motion to vacate was not filed within three months after the award.

Under the circumstances of this case as presented to the District Court, we cannot say that the court was not justified in its action.

The holding of the District Court that the appointment of R. E. Laley as arbitrator was irregular and illegal and that the award of said arbitrator was evidently partial, but not corrupt or fraudulent, was fully justified. The method of appointment as provided in the agreement was not followed, and the arbitrator appointed had a business relationship with one of the parties. These facts, taken together, warranted the setting aside of an award made by such an arbitrator as inherently partial, even though not corrupt or fraudulent. 2 R. C. L. 396, § 38. It was likewise within the discretion of the court to set aside its order denying the motion to vacate previously made, upon having the matter again submitted to it within the term.

"* * * It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered, or entered of record,

and they then may be set aside, vacated, modified, or annulled by that court. * * *" Hughes, Federal Practice, Jurisdiction and Procedure, § 3472.

And to the same effect, Montgomery's Manual, Federal Jurisdiction and Procedure (3d Ed.) pp. 403, 404.

Affirmed.