**In the Matter of the Arbitration between QUICK & REILLY, INC., Claimant,**

v.

**E. David SAGLIO, Respondent.**

**No. 89–1089–CIV.**

United States District Court, S.D. Florida, Miami Division.

Aug. 7, 1989.

Jose M. Sariezo, Miami, Fla., for claimant.

Philip T. Weinstein, Miami, Fla., for respondent.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CLAIMANT'S PETITION TO CONFIRM ARBITRATION AWARD AND ENFORCE JUDGMENT CONSISTENT THEREWITH

THIS CAUSE comes before the Court upon Claimant's, QUICK & REILLY, INC., Petition to Confirm Arbitration Award and Enforce Judgment Consistent Therewith, filed with this Court on May 25, 1989. Respondent, E. DAVID SAGLIO, failed to file a response in opposition thereto; instead, Respondent filed a Motion to Dismiss for lack of subject matter jurisdiction on July 10, 1989. Upon review of this matter, it is the opinion of this Court that the above-styled cause should be dismissed for lack of subject matter jurisdiction.

### Procedural History

On February 24, 1987, Respondent, E. David Saglio ("Saglio"), executed a Margin Agreement with Claimant, Quick & Reilly ("Q & R"), for the purchase of securities on margin. On May 18, 1987, Saglio executed an Option agreement with Q & R to establish an option trading account.[1]

Following the stock market crash in October 1987, Saglio became indebted to Q & R for $44,181.34. After Saglio refused to pay the indebtedness, Q & R filed a Statement of Claim with the New York Stock Exchange for the amount due on Saglio's account, plus interest from October 21, 1987. On March 10, 1989, in Fort Lauderdale, Florida, a hearing was held before three New York Stock Exchange arbitrators at which Saglio was represented by counsel and was afforded an opportunity to present witnesses, introduce subpoenaed documents and cross-examine Q & R's witnesses. Following the hearing, the arbitrators unanimously awarded Q & R the sum of $44,181.34 as requested in the Statement of Claim. The arbitrators also dismissed Saglio's counterclaim and assessed $800.00 in costs against Q & R.

After entry of the arbitration award, Q & R requested payment from Saglio, both directly through representatives of Q & R and through his counsel. Saglio has refused to pay the amount of the arbitration award to Q & R. Accordingly, Claimant, Q & R filed a Petition for Confirmation of the Arbitration Award, pursuant to the United States Arbitration Act, 9 U.S.C.A. Section 9.

---

1. Paragraph 13 of the Option Agreement provides:

I understand that I have the right to have any dispute between us arising under the federal securities laws resolved through litigation in the courts. In lieu of using the courts, we may agree, after any such dispute has arisen, to settle it by arbitration before an appropriate tribunal. However, I understand that any other dispute between us arising out of any option transaction or this Agreement shall be settled by arbitration before the New York Stock Exchange, Inc., which must be commenced by a written notice of intention to arbitrate. Judgment upon an award rendered may be entered in any appropriate court.

The Margin Agreement contains substantially similar language.

**824**

*Discussion*

 "It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). A federal district court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *California ex rel. Younger v. Andrus,* 608 F.2d 1247, 1249 (9th Cir.1979). Courts have consistently held that actions brought under the Federal Arbitration Act require an independent jurisdictional basis. *Commercial Metals Co. v. Balfour, Guthrie & Co.,* 577 F.2d 264 (5th Cir.1978).

Claimants who, in federal district court, seek confirmation of an arbitration award under 9 U.S.C.A. Section 9, must demonstrate independent grounds of federal subject matter jurisdiction. *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 969 (9th Cir.1981). The provisions of 9 U.S.C.A. Section 9 do not in themselves confer subject matter jurisdiction on a federal district court. Under the Federal Arbitration Act, federal jurisdiction is available only if otherwise available through some independent source such as 28 U.S.C.A. Section 1331 or Section 1332. *Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas Corp.,* 797 F.2d 238, 240 (5th Cir.1986).

As stated by the Ninth Circuit Court of Appeals in *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d at 970,

> [c]ourts are in agreement that the Arbitration Act itself is not a grant of jurisdiction. Section 9 is potentially inconsistent with this view because on its face it could be read as granting the district court jurisdiction of an application to confirm an award. On the otherhand, Section 9 does not contain language common to jurisdictional grants, and to require independent jurisdictional grounds under other sections and not under Section 9 renders the Act a 'patchwork of individual statutes bereft of any coherent plan.'

Thus, the provisions of the Act apply to actions which have an independent jurisdictional basis. 13 C. Wright, A. Miller E. Cooper, Federal Practice and Procedure, Section 3569, 467–470 (1975).

Public Law 100–702 Section 201 raised the jurisdictional limits set forth in 28 U.S.C.A. Section 1332 to $50,000.00, effective for all civil actions commenced after May 18, 1989. Plaintiff instituted the above-styled cause on May 25, 1989. Thus, diversity jurisdiction is not present in the instant case, as Plaintiff has failed to allege damages in excess of $50,000, the jurisdictional amount required. As Plaintiff has failed to allege independent grounds to justify an exercise of federal jurisdiction, the above-styled cause must be dismissed for lack of subject matter jurisdiction. Accordingly, it is hereby

ORDERED AND ADJUDGED that Claimant's, QUICK & REILLY, INC., Petition to Confirm Arbitration Award and Enforce Judgment Consistent Therewith is DENIED. It is further ORDERED AND ADJUDGED that Respondent's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED. Accordingly, this action is DISMISSED WITHOUT LEAVE TO AMEND. This Order, however, is without prejudice as to an action filed in state court, and thus, Claimant is free to pursue a remedy in that forum.

DONE AND ORDERED.