# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| THEIS RESEARCH, INC., an Illinois corporation,<br>*Plaintiff-Appellant,*<br>v.<br>BROWN & BAIN, a California and Arizona law firm, and such present and former Brown & Bain partners, associates, and other personnel responsible for the management and trial of all litigation involving Peter F. Theis and Theis Research, Inc.,<br>*Defendant-Appellee.* | No. 02-16839<br><br>D.C. No.<br>CV-99-20645-RMW<br><br>ORDER AMENDING OPINION AND DENYING REHEARING AND PETITION FOR REHEARING EN BANC AND AMENDED OPINION |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted
November 5, 2003—San Francisco, California

Filed October 20, 2004
Amended February 18, 2005

Before: David R. Thompson and Stephen S. Trott,
Circuit Judges, and Charles R. Weiner,*
Senior District Judge.

Opinion by Judge Thompson

---

*Hon. Charles R. Weiner, Senior District Judge for Eastern Pennsylvania, sitting by designation.

1959

## COUNSEL

Paul R. Johnson, Oakland, California, for the plaintiff-appellant.

Paul Renne, San Francisco, California, for the defendant-appellee.

## ORDER

The opinion in *Theis Research, Inc. v. Brown & Bain*, published at 386 F.3d 1180 (9th Cir. 2004), is amended as follows:

1. At page 1184, the first sentence of the last beginning paragraph on that page is deleted. The deleted sentence reads:

> Our conclusion that we measure the amount in controversy by the amount at stake in the underlying litigation is consistent not only with *American Guaranty* from this circuit, but with decisions from other circuits as well.

The deleted sentence is replaced by the following sentence:

Our decision to measure the amount in controversy in this case by the amount at stake in the underlying litigation is consistent not only with *American Guaranty* from this circuit, but with decisions from other circuits as well.

2.  At page 1185, the first two sentences of the second paragraph under III MERITS are deleted. The deleted sentences read as follows:

Theis was required to submit to the arbitrator the issue whether B&B's alleged conflicts of interest rendered the Theis - B&B legal services agreement void *ab initio*. *Three Valleys Mun. Water Dist. v. E.F. Hutton*, 925 F.2d 1136, 1140 (9th Cir. 1991) (federal court may consider a defense of fraud in the inducement of a contract only if the fraud relates specifically to the arbitration clause itself and not to the contract generally).  The issue was actually submitted to the arbitrator, who rendered a decision adverse to Theis.

The two deleted sentences are replaced by the following two sentences:

Theis submitted to the arbitrator the issue whether B&B's alleged conflicts of interest rendered the Theis-B&B legal services agreement void *ab initio.* The arbitrator rendered a decision on this issue adverse to Theis.

With the foregoing amendments, the panel has voted unanimously to deny the petition for rehearing. Judge Trott has also voted to deny the petition for rehearing en banc, and Judges Thompson and Weiner recommend denial of that petition.

The full court was advised of the petition for rehearing en banc and no judge has requested a vote on the petition for en banc rehearing. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED. No further petitions for panel or en banc rehearing will be entertained.

---

## OPINION

THOMPSON, Senior Circuit Judge:

This appeal presents the primary question whether, in a case in which a party seeks to vacate an arbitration award, the amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332(a) is measured by the amount of the award or by the amount in dispute in the underlying litigation between the parties. The arbitration award which Theis Research, Inc. ("Theis") moved to vacate was for zero dollars. Contemporaneously with that motion, Theis filed a complaint that sought damages from Brown & Bain ("B&B") in excess of $200 million. The claims Theis alleged in this complaint substantially mirrored the claims it had asserted in the arbitration proceeding, which claims the arbitrator had rejected.

If we measure the amount in controversy for purposes of 28 U.S.C. § 1332(a) by the amount of the arbitration award, the district court lacked subject matter jurisdiction. If we measure the amount in controversy by the amount in dispute in the underlying litigation, the district court had subject matter jurisdiction.

We conclude that the amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount in controversy for purposes of diversity jurisdiction, and thus the district court had jurisdiction under 28 U.S.C. § 1332. The court denied Theis's motion to vacate the zero dollar arbitration award, granted B&B's motion to confirm the award, and granted summary judgment in favor of B&B and against Theis on the claims Theis asserted in its complaint. Theis

appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

FACTS AND PROCEEDINGS

B&B was Theis's attorney in patent litigation that turned out badly. Theis demanded arbitration of claims against B&B for legal malpractice, breach of fiduciary duty, fraud and breach of contract. The ensuing arbitration resulted in a zero dollar award to each party. In commenting on the litigation that spawned the arbitration, the arbitrator stated:

> Viewed as a whole, the litigation that is the subject of this arbitration was an almost unmitigated disaster both for [Theis] and for B&B. The hopes of [Theis] and its investors were dashed; years of work by Mr. Theis and others went unrequited; B&B got no return on millions of dollars of invested time, and had to chalk up a major loss on its results chart.

Dissatisfied with the arbitrator's decision, Theis filed in the United States District Court a "COMPLAINT FOR BREACH OF PROFESSIONAL AND FIDUCIARY DUTY, LEGAL MALPRACTICE, AND FRAUD: APPLICATION AND NOTICE OF MOTION TO VACATE ARBITRATION AWARD." Theis also demanded a jury trial. The claims Theis set forth in its complaint sought compensatory damages of $200 million, plus "exemplary and punitive damages."

After court proceedings which are not relevant to the issues before us, B&B filed a motion to confirm the arbitrator's award. Theis responded with a renewed motion to vacate the award and a motion for partial summary judgment. The district court denied Theis's motion to vacate and its motion for partial summary judgment. The court granted B&B's motion to confirm the award. Thereafter, the district court granted

summary judgment in favor of B&B, which judgment rejected all of the claims Theis asserted in its complaint. This appeal followed.

On December 16, 2003, we filed a memorandum disposition affirming the district court's summary judgment in favor of B&B. At the time our memorandum disposition was filed, there did not appear to be any reason to question the existence of the district court's subject matter jurisdiction; the parties were diverse, and neither party suggested, nor did it occur to us, that the amount in controversy might not meet the $75,000 monetary threshold requirement of 28 U.S.C. § 1332(a).

The question of subject matter jurisdiction was called to our attention by *Luong v. Circuit City Stores, Inc.*, 256 F.3d 1188 (9th Cir. 2004) (*Luong I*), an opinion now withdrawn, which was filed after we had filed our memorandum disposition. In the *Luong I* opinion, a panel of this court, with one member of the panel dissenting, held that the amount in controversy on a petition to vacate an arbitration award should be measured by the amount of the award rather than the amount of the claim in the underlying dispute. *Id.* at 1194. Applying this measure, *Luong I* determined that because no monetary damages had been awarded by the arbitrator, the amount in controversy requirement for diversity jurisdiction had not been met. *Id.* In view of what appeared to be similarities between *Luong I* and this case, we recalled our mandate and awaited finality of the *Luong I* decision.

The *Luong I* panel subsequently withdrew its opinion and replaced it with a new opinion, in which the panel unanimously held that the district court had subject matter jurisdiction predicated upon the existence of a federal question under 28 U.S.C. § 1331. *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1112 (9th Cir. 2004) (*Luong II*). In the *Luong II* opinion, the panel did not address the question whether the amount in controversy in a proceeding to vacate an arbitration award should be determined by the amount of the award or by

the amount at issue in the underlying dispute. This case presents that question. To resolve it, we ordered supplemental briefing limited to the issue whether the district court had subject matter jurisdiction. We now conclude that the district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. Our previously filed memorandum disposition is withdrawn, and we file this opinion affirming the district court's summary judgment in favor of B&B.

## II

## JURISDICTION

In *American Guaranty Co. v. Caldwell*, 72 F.2d 209 (9th Cir. 1934), we considered what was the appropriate measure of the amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a) in the context of proceedings in the district court initially to confirm, and then after re-arbitration, to vacate an arbitration award. In that case, the district court had acquired subject matter jurisdiction when American Guaranty removed to federal court the petitioner's application to confirm a $32,500 award. At that time the monetary threshold for diversity jurisdiction under § 1332(a) was $3,000. The district court vacated the $32,500 award because the arbitrator was biased, directed the parties to arbitrate their dispute anew, and retained jurisdiction of the case pending that arbitration. In the renewed arbitration proceedings, the plaintiff was shut out with a zero dollar arbitration award which it then sought to vacate by a motion filed in the pending district court case.

Eventually, the district court in *American Guaranty* vacated the zero dollar arbitration award, and American Guaranty appealed. On appeal, American Guaranty challenged the district court's subject matter jurisdiction, contending that the zero dollar award that resulted from the re-arbitration was insufficient to satisfy the then $3,000 threshold for diversity jurisdiction under 28 U.S.C. § 1332(a). The *American Guar-*

*anty* court rejected that argument, and held that the district court had not lost the subject matter jurisdiction it acquired when the case was first removed to federal court on what was then the petitioner's application to confirm the $32,500 award. The court stated "[i]t is the amount in controversy which determines jurisdiction, not the amount of the award." *Id*. at 211.

It is unclear whether in making this statement the *American Guaranty* court was referring to the zero dollar arbitration award the petitioner eventually sought to vacate, or the $32,500 arbitration award the petitioner initially sought to confirm. However, the court's statement makes sense only if the court was referring to the zero dollar award — the one which had the potential of defeating subject matter jurisdiction. That the *American Guaranty* court measured the "amount in controversy" by the amount involved in the underlying dispute is made clear by the court's statement:

> In addition to the record showing this original award of $32,500, it further discloses that evidence had been offered showing [petitioner] had suffered damages in excess of $100,000, and in one of its answers [American Guaranty] claims an indebtedness by way of offset of $5,525. *It is the amount in controversy which determines jurisdiction, not the amount of the award*.

*Id*. at 211 (emphasis added).

There is an important difference, however, between the present case and *American Guaranty*. In *American Guaranty*, the district court initially acquired jurisdiction by the filing of a motion to confirm the arbitration award of $32,500.

In the present case, the arbitration award was for zero dollars. Theis initially filed in the district court a motion to vacate that award, coupling that motion with a complaint that

alleged substantially the same claims Theis had asserted in the arbitration. Theis's prayer for relief in its district court complaint was for $200 million plus "exemplary and punitive damages," which on the face of the complaint satisfied the $75,000 monetary threshold for diversity jurisdiction.

Theis argues, however, that we should ignore the claims it asserted in its district court complaint because those claims were "non-substantial" as evidenced by the district court's eventual dismissal of them as barred by *res judicata*. We reject this argument. To treat Theis's claims as non-substantial simply because they were eventually dismissed as being barred by *res judicata* would retroactively preclude jurisdiction in any action in which the affirmative defense of *res judicata* was asserted and successfully maintained. The question is not whether B&B was successful in its *res judicata* defense. The question is whether the amount of damages Theis claimed in its complaint was asserted in good faith; if so, that amount controls for purposes of diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

There is nothing on the face of Theis's complaint, nor in the record before us, to suggest that the claims Theis asserted in the district court were not asserted in a good faith belief in the validity of those claims, notwithstanding that it turned out Theis's good faith belief was misplaced. *See id*.; *see also Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (dismissal for lack of jurisdiction not proper if claim exceeding jurisdictional amount is made in the complaint in good faith, even when later events reduce the amount recoverable).

[1] The question presented to us thus boils down to whether the $200 million Theis sought to recover by its complaint is the amount in controversy under 28 U.S.C. § 1332(a), or whether the amount in controversy must be measured by the zero dollar arbitration award Theis sought to vacate. We are

satisfied that the amount in controversy is the amount Theis sought to recover by its complaint.

Decisions from other circuits support this conclusion, although the cases have turned upon whether the party seeking to vacate an arbitration award also sought to reopen the arbitration. *See Sirotzky v. New York Stock Exch.*, 347 F.3d 985, 989 (7th Cir. 2003) ("[T]he amount in controversy in a suit challenging an arbitration award includes the matter at stake in the arbitration, provided the plaintiff is seeking to reopen the arbitration."); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1472 n.16 (11th Cir. 1997) ("[T]he [plaintiffs] did not request an award modification that would provide [them] with money. Instead, [they] sought merely to reduce or eliminate the arbitration award against them."); *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 260 (6th Cir. 1994) ("In the arbitration proceedings [the plaintiff] claimed more than $50,000 against Hamilton Investments, but he never asked the district court to order that the arbitrators reopen his claim . . ."); *but see American Guaranty,* 72 F.2d at 211 (concluding that the amount in controversy in the arbitration itself determines jurisdiction; no apparent request for remand to arbitration); *Bull HN Info. Sys., Inc. v. Huston*, 229 F.3d 321, 329 (1st Cir. 2000) (reversing district court decision dismissing petition to vacate arbitration award based on fact that plaintiff did not seek remand to arbitration; instead, measuring "the amount in controversy by the amount at stake in the entire arbitration").

Although neither Theis nor B&B asked that the arbitration proceedings be reopened, Theis sought to obtain by its district court complaint substantially what it had sought to obtain in the arbitration. Theis simply chose to "reopen" its claims in the district court rather than in arbitration. The amount in controversy requirement of 28 U.S.C. § 1332(a) was satisfied.

[2] Our decision to measure the amount in controversy in this case by the amount at stake in the underlying litigation is

consistent not only with *American Guaranty* from this circuit, but with decisions from other circuits as well. In the Eleventh Circuit's decision in *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (11th Cir. 1997), the Baltins sought to undo an arbitration award under which they were required to pay Alaron Trading $36,284.69. *Id.* The court held that the then jurisdictional minimum of $50,000 was not met because "[t]he maximum remedy sought by the Baltins was the vacatur of the arbitration award of $36,284.69." *Id.* Because neither the Baltins nor Alaron Trading sought additional damages, the amount in controversy was limited to the amount of the arbitration award. *See id.* & n.16.

Likewise, in *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255 (6th Cir. 1994), the Sixth Circuit held that diversity jurisdiction was lacking because the amount in controversy did not exceed the $50,000 minimum. *Id.* at 260. As in *Baltin*, the party against whom a $30,524 arbitration award was entered simply sought to vacate that award, and neither party sought any additional damages. *Id.* Indeed, the Sixth Circuit was quite clear that had the losing party sought to challenge the arbitrator's denial of that party's counterclaims, the amount in controversy *would* have been met:

> In the arbitration proceedings Mr. Ford claimed more than $50,000 against Hamilton Investments, *but he never asked the district court to order that the arbitrators reopen his claim* against Hamilton Investments; all he sought from the district court was the vacation of an award that fell short of the jurisdictional amount by almost $20,000.

*Id.* (emphasis added).

**[3]** We conclude that in the present case the monetary threshold of $75,000 for diversity jurisdiction under 28 U.S.C. § 1332(a) has been met. There is no dispute as to diversity of

the parties. The district court, therefore, had subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

III

MERITS

Theis also appeals the district court's summary judgment in favor of B&B by which the court rejected Theis's claims for breach of professional and fiduciary duty, legal malpractice, and fraud. We affirm the district court's summary judgment.

**[4]** Theis submitted to the arbitrator the issue whether B&B's alleged conflicts of interest rendered the Theis-B&B legal services agreement void *ab initio.* The arbitrator rendered a decision on this issue adverse to Theis. The district court thus did not err when it determined that Theis was barred from relitigating the same issue as part of its federal court malpractice claims. *Ficek v. S. Pac. Co.*, 338 F.2d 655, 657 (9th Cir. 1964) (claimant may not voluntarily submit his claim to arbitration, await the outcome, and if the decision is unfavorable, challenge the authority of the arbitrator to act).

Having submitted the claim to the arbitrator, Theis could seek vacatur of the arbitral result only if it was a manifest disregard of the law, *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995) (citing *Wilko v. Swan*, 346 U.S. 427, 436-37 (1953)), an implausible interpretation of the contract, *Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481 (9th Cir. 1991), the award was procured by corruption, fraud, or undue means, 9 U.S.C. § 10, or the arbitrator exceeded his powers, *First Options*, 514 U.S. at 942. The only argument that fits within any of these categories which Theis made to the district court, and thus preserved for appeal, is its argument that the arbitrator's failure to disclose his involvement with B&B's malpractice carrier resulted in an award procured by corruption, fraud or undue means. This argument is wholly unsupported by the record.

The arbitrator disclosed at the beginning of the hearing that he had arbitrated other legal malpractice claims involving the carrier, had recognized the carrier's representative's name on the attendance list, and had dealt with the representative in the context of prior arbitrations. He then asked the parties if there were any objections to his proceeding as arbitrator. All parties consented. By failing to object to the arbitrator proceeding as arbitrator, and continuing to participate in the hearing after the arbitrator's full disclosure, Theis waived any claim that the arbitrator's subsequent award should be vacated by reason of corruption, fraud or undue means predicated upon the arbitrator's involvement with B&B's malpractice carrier.

**[5]** Nor did the district court abuse its discretion when it refused to permit additional discovery. "We will only find that the district court abused its discretion if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." *Qualls v. Blue Cross*, 22 F.3d 839, 844 (9th Cir. 1994) (emphasis in original). Theis failed to show how the additional discovery it sought would have precluded summary judgment. The district court did not err in denying further discovery.

No other issues raised in this appeal warrant further discussion.

AFFIRMED.