Bataski BAILEY, Plaintiff,

v.

WELLS FARGO BANK, N.A., and Wells Fargo Bank, N.A. successor by merger to Wells Fargo Dealer Services, Defendants.

CIVIL ACTION NO. 1:15–CV–2818–AT

United States District Court,
N.D. Georgia, Atlanta Division.

Signed March 29, 2016

Bataski Bailey Marietta, GA, pro se.

Jodi Dixon Taylor, L. Clint Crosby, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. Atlanta, GA, for Defendant.

### *ORDER*

Amy Totenberg, United States District Judge

This matter is before the Court on Defendants' Motion to Dismiss [Doc. 5]. For the following reasons, the Motion is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I. BACKGROUND

Plaintiff purchased an Audi A–8L with a loan from the dealership for $32,995.00.

That loan was financed by Defendants. Plaintiff's car was then stolen, at which point Plaintiff stopped making payments. Well Fargo recovered the vehicle and offered Plaintiff the chance to redeem it by paying the amount owed on the loan. Plaintiff declined, at which point the vehicle was sold for $3,400.00 and Plaintiff's loan account balance was reduced to $17,808.43.

Since then, the parties have been involved in multiple lawsuits and arbitrations relating to the loan. *See* Motion at 3–5. The proceedings at issue here start when Plaintiff instituted an action against Defendants alleging that they inaccurately reported funds owed on the loan as well as a Wells Fargo checking account. The amended complaint, filed in this district, alleged violations of the federal Fair Credit Reporting Act and the Georgia Fair Business Practices Act. *See Bailey v. Wells Fargo Bank N.A., Wells Fargo Bank N.A. d/b/a/ Wells Fargo Dealer Services f/k/a Wachovia Dealer Services*, No. 1:14–CV–0989–CC, Doc. 8 at 16 (N.D.Ga. June 16, 2014). Both the loan and the checking account were subject to binding arbitration agreements, so the court compelled arbitration of all claims. *See id.*, Doc. 20 (adopting Magistrate Judge's Report and Recommendation over Plaintiff Bailey's objections). The order compelling arbitration was appealed, but that appeal was dismissed for want of prosecution. *See id.* Doc. 25.

The parties then engaged in arbitration, during which Plaintiff "voluntarily dismissed his Complaint." (Award of Arbitration, Doc. 5–2 at 2.)[1] On December 5,

---

1. Defendants attached to their Motion copies of the relevant documents referenced in the Complaint, including the final Award in the underlying arbitration. (Doc. 5–2.) Plaintiff has not challenged the authenticity of these documents. Thus, the Court may consider these documents on Defendant's Motion to Dismiss without converting the motion to a motion for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir.2005)

2013, the arbitrator granted summary judgment on Defendants' counterclaim for the deficiency on the loan in the amount of $17,808.43—the same deficiency Plaintiff initially owed after his vehicle was sold and the amount was deducted from his loan balance. (*Id.* at 3.) That award was then confirmed in the Superior Court of Cobb County, Georgia on August 3, 2015. (Doc. 5–2 at 1.)

The next week, on August 10, 2015, Plaintiff filed this action to vacate the arbitration award. Plaintiff argues the Court should vacate the order pursuant to 9 U.S.C. §§ 10 and 12 because he was not given a choice in selecting the arbitrator, the arbitrator was biased, there was evident partiality on the part of the arbitrator and the entire American Arbitration Association ("AAA"), the AAA failed to provide a fair and impartial forum for the arbitration, and the arbitrator's ruling was inconsistent with the law.

## II. LEGAL STANDARD

■■■■ This Court should dismiss a complaint under Fed.R.Civ.P. 12(b)(1) only where it lacks jurisdiction over the subject matter of the dispute. A motion to dismiss for lack of subject matter jurisdiction may be based on either a facial or factual challenge to the complaint. *See McElmurray v. Consol. Gov't of Augusta–Richmond County,* 501 F.3d 1244, 1251 (11th Cir.2007). "A 'facial attack' on the com-

plaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' " *Id.* (quoting *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990)). In this sense, a facial challenge equips a plaintiff with safeguards similar to those afforded by a Rule 12(b)(6) motion for failure to state a claim and limits the court to a comparable scope of review. *See id.* Thus, when reviewing a facial attack on jurisdiction, the Court must accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *See id.; see also Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003).[2] Here, Defendants' Motion to Dismiss is a facial attack. (*See* Doc. 5–1 at 7.) Accordingly, the Court will take as true the allegations in Plaintiff's Amended Complaint for the purpose of ruling on Defendants' Motion to Dismiss.

## III. DISCUSSION

■■■■ The Court must always consider the question of whether it has subject matter jurisdiction to hear a case, even if no party raises it. *See Rembert v. Apfel,* 213 F.3d 1331, 1333–34 (11th Cir.2000); 28 U.S.C. § 1446(c)(4)("The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that re-

("[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." (citing *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002)).

**2.** A factual attack, in contrast, challenges " 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' " *AFC En-*

*ters., Inc. v. Restaurant Group LLC,* 2010 WL 4537812, at *2 (quoting *Lawrence,* 919 F.2d at 1529) (internal quotation marks omitted). In a factual attack, "[t]he presumption of truthfulness does not attach to the plaintiff's allegations." *Id.* Additionally, " 'the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.' " *Id.* (quoting *Scarfo v. Ginsberg,* 175 F.3d 957, 960–61 (11th Cir. 1999)).

moval should not be permitted, the court shall make an order for summary remand."). Here, the Court lacks jurisdiction for two reasons. First, it appears Plaintiff really seeks a reversal of the Cobb County Superior Court order confirming the arbitration award at issue in this case. Yet, Plaintiff fails to allege that he appealed that award in state court—the proper forum for such an appeal. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir.1997). *See also Fulton Cty. v. Lord*, 323 Ga.App. 384, 384, 746 S.E.2d 188, 190 (Ga.Ct.App.2013) (adjudicating appeal of Superior Court's order confirming an arbitration award), *cert. denied* Jan. 6, 2014.

■ Second, the Court lacks original jurisdiction based either on a federal claim or on diversity. Plaintiff's Complaint urges the Court to vacate the arbitration award pursuant to 9 U.S.C. §§ 10 and 12. It is clear that Plaintiff meant sections 10 and 11, as section 12 pertains to *notice* of motions to vacate or modify, as opposed to the grounds for vacating (§ 10) or modifying or correcting (§ 11) an award. Thus, the Court construes the *pro se* Plaintiff's Complaint as containing claims under section 10 and 11.

"[S]ections 10 and 11 of the FAA do not provide an independent statutory grant of federal subject matter jurisdiction." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1471 (11th Cir.1997), *cert. denied*, 525 U.S. 841, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998). *Baltin* is particularly illustrative. After holding that federal subject matter jurisdiction cannot be premised on 9 U.S.C. §§ 10 and 11 alone, the court went on to discuss whether claims similar to Plaintiff's here sufficiently implicate federal law so as to provide a basis for subject matter jurisdiction:

Second, the Baltins' right to relief did not depend on the "resolution of a substantial question of federal law." *See Franchise Tax Bd. [of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)]. The Baltins moved to vacate, modify, or correct the arbitration award based only on alleged misdeeds of the arbitrators, not based on any violation of federal law. As the Seventh Circuit has explained, "[A] motion to vacate on the grounds of fraud, corruption, undue means, evident partiality, and failure to consider pertinent and material evidence, does not require the resolution of any federal issue, let alone a 'substantial question of federal law.' " *Minor v. Prudential Sec., Inc.*, 94 F.3d 1103, 1105 (7th Cir.1996) (quoting *Franchise Tax Bd.*, 463 U.S. at 27–28, 103 S.Ct. at 2856), *cert. denied*, 519 U.S. 1113, 117 S.Ct. 954, 136 L.Ed.2d 841 (1997).15 Under *Franchise Tax Board*, therefore, the district court did not have federal question jurisdiction over this case.

*Id.* at 1472. Thus, no federal question is raised either by the statutes alone or by the claims Plaintiff has made under them.

■ The Court also lacks diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The maximum remedy available to Plaintiff is the vacatur of the arbitration award for $17,808.43. *See id.* (stating the relevant amount for the diversity analysis as the amount of the arbitration award). Plaintiff's argument to the contrary relies on out-of-circuit precedent that is not binding on this Court—and that runs contrary to *Baltin*. As the amount in controversy is only $17,808.43, Plaintiff has not satisfied the amount in controversy require-

ment and diversity jurisdiction is also lacking.

## IV.   CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction. This appears to be an appeal of a state court judgment. And even if it weren't, the Court would lack both federal question and diversity jurisdiction. Defendants' Motion to Dismiss [Doc. 5] for lack of jurisdiction is therefore **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 29th day of March, 2016.